**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRANSFORMATIONAL STRATEGIES CONSULTING, INC. | ) ) ) | |
| Plaintiff, | ) ) | Case Number 1:07-cv-01606-ESH
Judge: Ellen S. Huvelle |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ACS STATE HEALTHCARE, LLC | ) ) | |
| Defendant. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT
ACS STATE HEALTHCARE, LLC**

Defendant ACS State Healthcare, LLC ("Defendant" or "ACS"), by and through counsel, hereby answers and responds to the Complaint of Transformational Strategies Consulting, Inc. ("Plaintiff" or "TSCI") as follows:

1. Admitted.

2. ACS is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies same.

3. Admitted.

4. Admitted that TSCI and ACS entered into an agreement on or about October 13, 2005, a copy of which appears to be attached to the Complaint as Exhibit 1, which document speaks for itself.

5. Admitted that TSCI and ACS entered into an amended agreement on or about September 19, 2006, a copy of which appears to be attached to the Complaint as Exhibit 2, which document speaks for itself.

6. Exhibit 2 speaks for itself, and any characterizations of the document

inconsistent with all its terms are denied.

7. Admitted that ACS engaged TSCI to provide certain services, but denied that TSCI provided any personnel to ACS pursuant to their amended agreement in September 2006.

8. ACS denies that the Solution Center was up and running during the period indicated. The Solution Center was still in development when ACS shifted the focus of TSCI personnel to the product development project for the State of New Hampshire.

9. Admitted that ACS hired Anastasios Tsolakis to oversee the continued development and implementation of the Solution Center and that ACS issued an announcement about that hiring. The remaining allegations are denied.

10. ACS denies that TSCI had a team of five (5) senior executive consultants fully engaged in work for the ACS Solution Center as of April 25, 2007. TSCI did not provide a full complement of five (5) personnel to ACS pursuant to the amendment until May 2007.

11. Admitted that Fernando Salgado sent an email to Tom Burlin on or about July 6, 2007, which document appears to be attached to the Complaint as Exhibit 3, and which speaks for itself. ACS denies the characterization of that document.

12. Admitted that Tom Burlin replied on or about July 9, 2007, to the email of Fernando Salgado, which reply speaks for itself.

13. Admitted that Fernando Salgado replied to the email of Tom Burlin, which speaks for itself.

14. Admitted that Tom Burlin replied on or about July 9, 2007, to the email of Fernando Salgado, which reply speaks for itself.

15. Admitted that Anastasios Tsolakis sent an email to Dan Acton on or about July 13, 2007, which document appears to be attached to the Complaint as Exhibit 4, and which speaks for itself.  ACS denies the characterization of that document**.**

16. ACS refused to pay portions of invoices that were not properly due.  The remaining allegations are denied.

17. Denied.

18. Admitted that Anastasios Tsolakis informed Dan Acton that there were recurring issues with TSCI's performance, that TSCI lacked the skills necessary to perform the work needed by ACS, and that the amendment was terminated effective August 17, 2007.  The remaining allegations are denied.

19. Admitted that Mr. Acton sent an email to Mr. Tsolakis on August 15, 2007, which document speaks for itself.  The remaining allegations are denied.

20. Admitted that Mr. Acton sent an email to Nancy Collins on August 15, 2007, which document speaks for itself.  Any remaining allegations are denied.

21. ACS denies that Mr. Tsolakis ever agreed to pay or confirmed any obligation of ACS to pay any Early Termination Charges to TSCI.  Admitted that Anastasios Tsolakis sent an email on or about August 16, 2007, which document speaks for itself.  Any remaining allegations are denied.

22. ACS admits that counsel for TSCI sent a letter to ACS on August 17, 2007 (not 2000), which speaks for itself.  ACS denies that the amount invoiced by TSCI in its August 17, 2007 letter was properly owing to TSCI.

23. ACS denies that its nonpayment of the amount improperly demanded by TSCI constitutes a breach of its contract with TSCI.

24. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

25. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Unclean Hands)

26. TSCI is barred from recovery on the claims in the Complaint under the doctrine of unclean hands.

### Third Affirmative Defense
### (Estoppel)

27. TSCI is barred from recovery on the claims in the Complaint under the doctrine of estoppel.

### Fourth Affirmative Defense
### (Waiver)

28. TSCI is barred from recovery on the claims in the Complaint under the doctrine of waiver.

### Fifth Affirmative Defense
### (Breach of Contract)

29. TSCI is barred from recovery on the claims in the Complaint by reason of its prior breaches of contract.

### Sixth Affirmative Defense
### (Public Policy)

30. If TSCI's interpretation of the contract is followed, TSCI is barred from recovery of the Early Termination Charge because it constitutes an unenforceable penalty in violation of public policy.

31.     ACS reserves the right to plead other defenses as they become known.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ACS respectfully requests trial by jury on all issues triable to a jury.

WHEREFORE, having fully answered TSCI's Complaint, ACS respectfully requests that this Court dismiss TSCI's Complaint with prejudice, and award ACS reasonable attorneys' fees and all costs and expenses incurred by ACS in this action, and that ACS be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

\_\_/s/ David E. Mills_____
David E. Mills (D.C. Bar No. 401979)
Lynn M. Deavers (D.C. Bar No. 486306)
Dow Lohnes PLLC
1200 New Hampshire Ave., NW
Suite 800
Washington, D.C. 20036
Telephone: (202) 776-2000
Facsimile: (202) 776-2222
dmills@dowlohnes.com
ldeavers@dowlohnes.com

Counsel for Defendant
ACS State Healthcare, LLC

Dated: January 9, 2008

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant ACS State Healthcare, LLC's Answer and Defenses was served this 9th day of January, 2008, pursuant to the Court's CM/ECF filing requirements on the following individuals:

>J. Stephen McAuliffe, III
>James A. Sullivan, Jr.
>Miles & Stockbridge, P.C.
>11 North Washington Street
>Suite 700
>Rockville, MD 20850-4229
>smcauliffe@milesstockbridge.com
>jsullivan@milesstockbridge.com

>  /s/ Lynn M. Deavers_____
> Lynn M. Deavers